IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNA SCHOENBACH, *et al.*, | |
| Plaintiffs, | |
| v. | C.A. No. 05-1591 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION.**

Andrew Schoenbach and Daryl Kade ("the parents"), have moved for summary judgment on behalf of their daughter, Anna, a child with disabilities. The parents have appealed the decision of a Hearing Officer and seek an award of special education and related services from defendants, District of Columbia Public Schools ("DCPS" or "the school system"). Anna is entitled to such services pursuant to her right to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Plaintiffs maintain that the school system has denied her this right.

**II.   DEFENDANTS MUST RESPOND APPROPRIATELY TO THE PARENTS' MOTION FOR SUMMARY JUDGMENT.**

In their motion for summary judgment, defendants present this Court with a mere two pages of legal argument and no factual analysis to support their assertion that the administrative Hearing Officer who heard the parents' appeal was correct to find that DCPS offered Anna a FAPE. Due to this lack of factual or legal argument, and the significantly more detailed motion for summary judgment that the parents submitted to this Court outlining a plethora of reasons

why deference should not be given to the Hearing Officer's decision, there is little for the parents to respond to at this time.

Rule 56(c) of the Federal Rules of Civil Procedure specifies that summary judgment is appropriate in cases where there are no genuine issues of material fact and the moving party is thus entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), *See also Celetox.Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Here in their motion for summary judgment, the parents have borne their initial burden of demonstrating that there are no triable issues of fact for a hearing by the Court, and that the record entitles them to judgment as a matter of law. The burden now shifts to the non-moving party on the parents' motion, in this case the school system, to introduce countervailing evidence to demonstrate the existence of a material fact. However, the law specifies that the non-moving party may not rely on mere allegations or general denials to overcome summary judgment. Fed. R. Civ. P. 56(e). As such, it is defendants' duty to reply to the parents' motion for summary judgment with specific facts that demonstrate that there is a genuine issue for trial, something that they have clearly failed to do in their own motion for summary judgment. If they fail to do so, summary judgment in favor of the parents would be proper.

**III.   THE DEFENDANTS' MOTION CONTINUES TO PROVIDE CONFLICTING INFORMATION ABOUT THE MCKINLEY PROGRAM.**

As we state in our motion for summary judgment, DCPS provided the parents with little to no information about the proposed, non-existent Asperger's program at McKinley Tech, the placement that the Hearing Officer eventually found appropriate. The evidence and testimony supported the parents' conclusion that the school system had only started to develop the program

shortly before proposing it for Anna, and that there were no specifics about the program available. However, throughout the hearing the school system's own witnesses presented conflicting information about essential elements of the program which further confused the parents. The Hearing Officer plainly ignored this conflicting testimony.

In their motion for summary judgment, defendants continue to provide information that conflicts with prior testimony and evidence. For example, in the argument section of their motion, defendants state that, "McKinley Tech Asperger's Program will maintain the small class size and provide the individualized attention and all the services prescribed in the I.E.P." Defendants' Motion at 10. Similarly, in the factual section of the motion, defendants state that, "A.S. would be in a self-contained class limited to students classified with Aspberger's [sic] students." Defendants' Motion at 8. Pointedly, at the hearing, the school system's principal witness stated that Anna would *not* be in self-contained classes. When Ms. Cole-Brown was asked, "She will not be in self-contained special education classes?" she responded, "No." July 14, 2005 Tr. at 46.[1] This witness later changed her testimony by stating that, "It would be an inclusion program if the child can take the inclusion. It she can't, then she will be in self-contained." July 14, 2005 Tr. at 51. This flip-flop provided further evidence of the school system's utter lack of consistent and adequate information regarding the anticipated program. The Hearing Officer clearly failed to consider the inaccuracy of the testimony.

---

[1] This citation is to the transcript of the Administrative Hearing, which took place on May 6, 2005 and July 14, 2005. All references thereto will be cited as "[date] Tr. at __."

**IV.     THE SCHOOL SYSTEM'S RELIANCE ON THE *SHAW* CASE IS UNFOUNDED.**

Defendants argue that when both private and public school placements are available to the child, the school system is obligated to choose the public school placement. Defendants' Motion at 10. This statement is true *only if* the school system can demonstrate that the public school placement is appropriate and less restrictive – neither of which DCPS has shown in this case. Accordingly, the legal analysis turns directly to whether or not the private school placement chosen by the parents is proper. This argument is fully briefed in our motion for summary judgment.

DCPS also attempts to rely on *Shaw v. District of Columbia,* 238 F.Supp.2d 127 (D.C. 2002), in support of its argument that a placement does not have to conform with the "parent's wishes" to be deemed sufficient or appropriate by the school system. Defendants' Motion at 11. However, defendants fail to address the fact that the request for Anna to be placed at Nora as opposed to McKinley was not merely the parents' wish, but the **admitted consensus of an IEP team convened by defendants**. At that IEP meeting, every member of the team, with the sole exception of the DCPS representative, agreed that McKinley would be an inappropriate placement for Anna, and that she should instead attend Nora. Despite this IEP consensus, which DCPS's own witness acknowledged at the hearing, the school system proposed the McKinley program. Therefore, it is both inappropriate and inaccurate to characterize Nora as merely the "parents' wish."

Further, *Shaw* is distinguishable from Anna's case. In *Shaw*, the parent merely alleged that her daughter's placement at an public elementary school was inadequate. The parent failed to provide testimony or evidence to support the notion that the current IEP and educational

placement were unable to meet her daughter's needs. *Shaw,* 238 F.Supp.2d at 139. In stark and direct contrast, Anna's parents have provided significant evidence and expert testimony as to the inappropriateness of the proposed program at McKinley.

## IV.   CONCLUSION.

We respectfully request that summary judgment be granted in the favor of the parents, vacating the decision of the Hearing Officer and ordering defendants to reimburse the cost of Anna's placement at the Nora School, retroactive to the start of the 2005-06 school year.

Respectfully submitted,

/s/ (filed electronically)
Michael J. Eig     #912733

/s/ (filed electronically)
Haylie M. Iseman     #471891

MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for Anna Schoenbach and her parents

Case 1:05-cv-01591-RMC    Document 12    Filed 02/24/2006    Page 6 of 6