UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **A.S., et al.,** : | |
| PLAINTIFFS, : | |
| v. : | Civil Action No. 05-1591 (RMC) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| DEFENDANTS. : | |

**DEFENDANTS' REPLY TO
PLAINTIFFS' OPPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Pursuant to F.R. Civ. P. 56, the defendants, by counsel, hereby file their Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Defendants request that their Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment be incorporated herein as if fully set forth. In addition, defendants ask the court to consider the following arguments:

**INTRODUCTION**

Plaintiffs Andrew Schoenbach and Daryl Kade, parents of A.S., brought this case under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq*. The issues before this Court are whether the hearing officer erred in finding, based on the evidence presented at a due process hearing, 1) that DCPS had an appropriate I.E.P., and 2) DCPS had proposed an appropriate placement for A.S. at McKinley Tech ("Tech"), a school within the DCPS system with a full-time special education program for Asperger's students.

**ARGUMENT**

In their Opposition to Defendants' Motion for Summary Judgment, Plaintiffs contend that 1) Defendants failed to appropriately respond to Plaintiff's Motion for Summary Judgment, 2) Defendant's Motion contained conflicting information on the McKinley Program, and 3) Defendant's reliance on the Shaw case is unfounded.

I.   Defendants' Motion for Summary Judgment was Proper.

Plaintiffs contend that Defendants' Motion for Summary Judgment failed to properly respond to their Motion for Summary Judgment. Pls. Opp. p. 1-2.  The Plaintiffs' position is without merit or significance.  First, Defendants' Motion for Summary Judgment was filed simultaneously with that by Plaintiffs; therefore, it *could not* be responsive to Plaintiffs' Motion.

Second, Plaintiffs contend that while the Plaintiffs have the initial burden to show that there are no triable issues of fact, the burden now shifts to Defendants to identify specific facts in dispute, and if they fail to do so, summary judgment should be entered in Plaintiffs' favor.  Neither party in has identified in their option any material facts in dispute.   The parties view the facts and the conclusions drawn from them differently.

Last, this case is an action by the Plaintiffs to set aside an administrative decision.  The Defendants' motion, which at the outset can only generally assert the propriety of the decision (the Plaintiffs' specific contentions of error not yet known), is principally a procedural vehicle for assuring that, if the Plaintiffs' motion is denied, the action can be summarily concluded, rather than the case even arguably needing (as in the usual non-IDEA case) to move forward to "trial."  As noted by the Defendants earlier, in this case, the "motion for summary judgment is simply the procedural vehicle for asking the judge

2

to decide the case on the basis of the administrative record." *Heather S. v. Wisconsin*, 125 F. 3d 1045, 1052 (7th Cir. 1997).  Defendants' motion is simply the vehicle for the judge to uphold the decision of the Hearing Officer in favor of the Defendants.

    II.    <u>Defendants' Motion Contains the Testimony of the DCPS Witnesses about the Flexibility of the McKinley Program Depending on the Needs of the Individual Student.</u>

Challenging certain of the assertions in the Defendants' Motion, Plaintiffs contend that the Defendants' witnesses (Williams and Cole-Brown) presented conflicting testimony on the "essential elements" of the McKinley Tech program.  This is not correct.  The two witnesses described the essential components of the McKinley program the same way.  The program will maintain the small class size and provide all the individualized attention and all the services prescribe in the I.E.P. R. at 220-227; 283-290;  The program would be self contained and limited to students with Asperger's Syndrome. R. at 218; 273.  They also discussed how the McKinley program was flexible so that students would be included in the regular classrooms to the extent that they were ready for it.  R at 218; 272-277.

There is some awkwardness in word usage in the record in connection with the explanations about the self-contained nature of the Asperger's program and classes.  The Asperger's Program itself is self-contained—only for students with Asperger's Syndrome.  The resource class is self-contained in that it is only for the Asperger's students.  When asked whether Anna would be in a "self-contained" classroom, Ms Cole Brown said "No" because the rest of the classes on the students' schedules are hopefully in an inclusion setting.  If a student cannot manage full inclusion for all or part of their classes, there are resources available to modify their learning environment.  R at 272-280.

In the McKinley Tech Asperger's Program, the Asperger's students spend most of their class schedule included in the regular classroom of non-disabled peers with the assistance of a special education teacher. This is termed a "combination" setting. R at 218; 299. The sum and substance of both witnesses' testimony is that the program is set up to provide of continuum of educational setting from fully self-contained to fully-inclusive.

    III.    <u>Shaw is Applicable Because the Proposed Placement at McKinley is Both Appropriate and Least Restrictive.</u>

As indicated in Defendants' opposition, DCPS is obligated to work from the I.E.P. in proposing an appropriate placement. The I.E.P., developed by the MDT Team, composed of a majority of private school educators from Kingsbury, prescribed 22.75 hours of specialized instruction, 135 minutes per week of psychological services, 90 minutes per week of OT, and 60 minutes per week of speech and language therapy. R. at 35. The Kingsbury staff came to the MDT meeting with this portion of the I.E.P. already drafted. The parent's only objection was to the reduction of hours of services and the setting. As previously stated, while the law encourages consensus, it is the LEA representative, Cathy Berry, who is responsible for making sure that the proposed placement is consistent with the I.E.P. The opinions of the other members of the Team, while welcome, are not binding. The parents stipulated to the fact at the hearing that the Nora School did not provide special education services. R. at 10, 394. The fact that the Nora School is less restrictive is immaterial because the first consideration is whether the services required by the I.E.P. can be provided. If there is a choice between two settings able to provide the I.E.P. services, then DCPS must look to the less restrictive setting.

Given that plaintiffs have submitted non-record documentation before the

4

Hearing Officer concerning events that post-date his deliberations,[1] as well as continuing to claim that the McKinley program is "non existent," the Defendants submit the attached declaration of Victoria M. Williams describing the program as it is now operational. (Exhibit 1).

    In conclusion, DCPS proposed placement of A.S. in Asperger's Program at McKinley Tech was both appropriate and calculated to provide her with educational benefit.

                            Respectfully submitted,

                            ROBERT J. SPAGNOLETTI
                            Attorney General for the
                            District of Columbia

                            GEORGE C. VALENTINE
                            Deputy Attorney General
                            Civil Litigation Division

                            **/s/ Edward P. Taptich**
                            EDWARD P. TAPTICH [012914]
                            Chief, Equity Section II

                            **/s/ Carol E. Burroughs**
                            CAROL E. BURROUGHS [415432]
                            Assistant Attorney General
                            441 4th St., N.W., Sixth Floor South
                            Washington, D.C. 20001
                            (202) 724-6520
                            Fax: 202-727-3625
April 7, 2006                Email: carol.burroughs@dc.gov

---

[1] Nora School Grade History and Teacher Comments, Exhibit 2 to Plaintiffs' Motion.

Case 1:05-cv-01591-RMC   Document 17   Filed 04/07/2006   Page 6 of 6